IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jonathan A. Edwards, *a/k/a Jonathan Antonio Edwards,* | C/A No. 0:09-3319-TLW-PJG |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Ms. Ogunsile; Mr. Medvar; Acc Warden Claytor; Acc Warden Flo Mauney; Ms. Cocciolone, | |
| Defendants. | |

The plaintiff, Jonathan A. Edwards ("Edwards"), a self-represented state prisoner, filed this civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the plaintiff's "Motion [] to be Transfer[red]." (ECF No. 50.) In his motion, the plaintiff states that his well-being is "at great harm and risk by the hands of fellow inmates" at Perry Correctional Institution ("Perry"), where Edwards is currently housed. He requests that he be transferred to "a safe place" besides Perry. Because some of the relief Edwards appears to seek is injunctive in nature, the court will treat this motion as seeking a preliminary injunction.

**A.     Edwards's Motion**

Edwards states in his motion that inmates have threatened to stab him, apparently because Defendant Ogunsile stated in other inmates' presence that Edwards had kidnapped and raped a woman. Edwards does not identify specific inmates who have allegedly threatened him. The defendants respond that Edwards's motion should be denied because Edwards is currently housed in the Special Management Unit ("SMU") at Perry, segregated from the rest of the inmate population, and thus inmates would not have access to Edwards in order to harm him. (ECF No. 51.)

They further assert that, once released from SMU, Edwards can request to be placed in protective custody if he feels his life is in danger at that time.

**B.      Standard for Preliminary Injunction**

"Preliminary injunctions are not to be granted automatically." Wetzel v. Edwards 635 F.2d 283, 286 (4th Cir. 1980). Such relief regarding the administration of a state prison should be granted only in compelling circumstances. See Taylor v. Freeman, 34 F.3d 266, 269 (4th Cir. 1994). Moreover, the United States Court of Appeals for the Fourth Circuit has long recognized the "wide ranging deference" that the judiciary must show prison administrators with regard to matters within their discretion. See Wetzel, 635 F.2d at 288 (discussing the complexities of running a penal institution and the reluctance of federal courts to interfere in the problems of prison administration).

A plaintiff seeking a preliminary injunction must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374 (2008); The Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F. 3d 342, 346-47 (4th Cir. 2009), vacated on other grounds, 130 S. Ct. 2371 (2010), reissued in part, 607 F.3d 355 (4th Cir. 2010), overruling Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977).[1] A plaintiff must make a *clear showing* that he is likely to succeed on the merits of his claim. Winter, 129 S. Ct. at 376; Real Truth, 575 F.3d at 345-46. Similarly, he must make a *clear showing* that he is likely to be irreparably harmed absent injunctive relief. Winter, 129 S. Ct. at 374-76; Real Truth, 575 F.3d at 347. Only then may the court consider whether the balance of equities tips in the

---

[1] The portions of Real Truth that were reissued by the United States Court of Appeals for the Fourth Circuit are Parts I and II found at 575 F.3d at 345-47, which are the sections addressing injunctions that are relied upon in the court's Report and Recommendation.

*PJG*

plaintiff's favor. See Real Truth, 575 F.3d at 346-47.[2]  Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction. Real Truth, 575 F.3d at 347 (quoting Winter, 129 S. Ct. at 376-77).

## RECOMMENDATION

Based on the record currently before the court, Edwards has not satisfied these required elements and has failed to demonstrate that these circumstances warrant the extraordinary remedy he seeks. Accordingly, the court recommends that the plaintiff's motion (ECF No. 50) be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 18, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[2] Based on Winter, the Real Truth Court expressly rejected and overruled Blackwelder's sliding scale approach, which allowed a plaintiff to obtain an injunction with a strong showing of a probability of success even if he demonstrated only a possibility of irreparable harm. Real Truth, 575 F.3d at 347; Winter, 129 S. Ct. at 375-76.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).